WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 95-320 PHX RCB |
| Plaintiff, | CIV 99-1378 PHX RCB (LOA) |
| vs. | O R D E R |
| WILLIAM LEE BROWN, | |
| Defendant. | |

This matter is before the Court on William Lee Brown's motion to reopen his case docket (doc. # 1275), motion to strike the Government's response to that motion (doc. # 1289), and motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (doc. # 1283).  The Government opposes Brown's Rule 60(b) motion and motion to reopen his case docket.  Resp. (doc. ## 1285, 1288).  Brown has filed a reply (doc. # 1287) in support of his Rule 60(b) motion, but no further memoranda have been filed with regard to the other motions, and the time to do so has now passed.  Having carefully considered the arguments raised, the Court now rules.

I.    **BACKGROUND**

On September 13, 1995, the Government indicted 25 persons, including Brown, for conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  Together with four other defendants, Brown was convicted by a jury after a lengthy trial on one count of conspiracy to distribute.  On July 15, 1996, the Court sentenced Brown to a term of imprisonment of 240 months, a term of supervised release of 60 months, and a special assessment of $150.00.  The Ninth Circuit affirmed Brown's conviction and sentence, and the Supreme Court denied his petition for writ of certiorari.

On July 30, 1999, Brown filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. # 1141), which the Court denied on January 13, 2003.  Order (doc. # 1228). Shortly thereafter, Brown attempted to appeal that decision. Notice of Appeal (doc. # 1230).  Both this Court and the Ninth Circuit determined that the case did not warrant the issuance of a certificate of appealability, and the appellate docket was closed by order of the Ninth Circuit.[1]  Orders (doc. ## 1233, 1248). Before the Ninth Circuit's decision in that regard, Brown also filed a motion to alter or amend the judgment (doc. # 1237), which this Court denied on April 18, 2003.  Order (doc. # 1245).

Thereafter, in the wake of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), Brown filed a document entitled "Nunc Pro Tunc," in which he contended that the Court's

------

[1]  A certificate of appealability must issue before an appeal may be taken from a final order denying habeas relief.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

1  decision to increase his sentence based on facts not found by the
2  jury violated his Sixth Amendment right to a trial by jury.   On
3  February 11, 2005, the Court denied that request on the basis that
4  it constituted an unauthorized successive petition under 28
5  U.S.C. §§ 2244(b)(3)(A), 2255.[2]   Order (doc. # 1277).   The Court
6  also explained that it had already rejected a similar argument
7  raised in Brown's original § 2255 motion based on Blakely's
8  predecessor, Apprendi v. New Jersey, 530 U.S. 466 (2000).  Id.  The
9  motions now pending followed soon thereafter.

10  **II.  DISCUSSION**

11      With regard to Brown's motion to reopen his case docket, the
12  Government correctly notes that the closing of the appellate docket
13  should have no bearing on Brown's ability to pursue relief in this
14  Court under either 28 U.S.C. § 2255 or Rule 60(b) of the Federal
15  Rules of Civil Procedure.  See Resp. (doc. # 1288) at 2.  If it is
16  indeed the appellate docket that Brown seeks to have reopened, the
17  grant of such relief is beyond this Court's authority.  Brown has
18  not clarified his position by filing a reply in support of his
19  motion to reopen the case docket, and the time to do so has now
20  passed.  Accordingly, Brown's motion to reopen his case docket
21  (doc. # 1275) and his motion to strike the Government's response
22  (doc. # 1289) thereto will be denied.

23      As to Brown's Rule 60(b) motion, the principal argument for
24  relief from judgment is remarkably similar to the Apprendi claim

25

26  _____

27      [2]   An applicant seeking to file a second or successive
    application under § 2255 must first "move in the appropriate court of
28  appeals for an order authorizing the district court to consider the
    application."  28 U.S.C. §§ 2244(b)(3)(A), 2255.

Brown raised in his original § 2255 motion (doc. # 1141) and the Blakely claim Brown attempted to assert in his previous motion entitled "nunc pro tunc" (doc. # 1273).  This argument was rejected in the first instance on the basis that Apprendi does not apply retroactively on collateral review.[3]  See Order (doc. # 1228) at 5.  After his request for a certificate of appealability on that and other issues was denied, Brown attempted to relitigate essentially the same claim, albeit based on the Supreme Court's more recent decision in Blakely, by seeking relief under Rule 60(b)(5).  See Mot. (doc. # 1273).  As the Court explained, that Rule 60(b) motion constituted a successive petition within the meaning of the AEDPA, requiring its dismissal as the Ninth Circuit had not authorized its filing.  See Order (doc. # 1277) at 2.

Although his present Rule 60(b) motion is reminiscent of these earlier efforts, Brown maintains that the motion should not be "misconstrue[d]" as a successive petition.  See Mot. (doc. # 1283).  In an effort to avoid the AEDPA's bar on successive petitions, Brown argues that the Apprendi line of cases has rendered his sentence void ab initio, and maintains that this "procedural irregularity" is the factual predicate of his present motion.  See id.  The Ninth Circuit has held that "when the factual

---

[3]   Generally, "new constitutional rules of criminal procedure [are] not . . . applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989).  Brown's conviction and sentence became final before Apprendi was published, and neither Apprendi nor its progeny apply retroactively on collateral review.  See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (holding that Apprendi does not apply retroactively on collateral review); Schardt v. Payne, 414 F.3d 1025, 1033-36 (9th Cir. 2005) (same with respect to Blakely); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005) (same with respect to Booker).

1  predicate for a Rule 60(b) motion also states a claim for a

2  successive petition under 28 U.S.C. § 2244(b), . . . the Rule 60(b)

3  motion should be treated as a successive habeas petition."

4  Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) (en banc).

5  Such is the case here.  The factual predicate of Brown's motion

6  does not "deal[] with some irregularity or procedural defect in the

7  procurement of the judgment denying habeas relief."  See Rodwell v.

8  Pepe, 324 F.3d 66, 70 (1st Cir. 2003) (emphasis added).[4]  Rather,

9  it deals with the constitutionality of the underlying sentence.

10  Therefore, Brown's Rule 60(b) motion constitutes a successive

11  petition within the meaning of the AEDPA.  See 28 U.S.C. §§

12  2244(b)(3)(A), 2255.  Because the Court is not aware of any order

13  by the Ninth Circuit authorizing it to proceed on a successive

14  petition, the motion is not well taken.

15  **III. CONCLUSION**

16      In light of the foregoing analysis,

17      IT IS ORDERED that Brown's motion to reopen his case docket

18  (doc. # 1275) is DENIED.

19      IT IS FURTHER ORDERED that Brown's motion to strike the

20  Government's response to his motion to reopen his case docket (doc.

21  # 1289) is DENIED.

22  . . .

23

24  _____

25      [4]  Brown's motion cites the First Circuit's decision in Rodwell.
While Rodwell is not binding on the Court, the First Circuit's

26  position is consistent with the Ninth Circuit's approach in Thompson,
and is therefore appropriately considered in deciding whether Brown's

27  Rule 60(b) motion constitutes a successive petition under the AEDPA.
See Rodwell, 324 F.3d at 71 (citing the Ninth Circuit's in Thompson

28  as being similar to its own).

1     IT IS FURTHER ORDERED that Brown's motion for relief from

2 judgment (doc. # 1283) is DENIED.

3     DATED this 12th day of December, 2006.

4

5

6 _____

7                     Robert C. Broomfield
                      Senior United States District Judge

8 Copies to counsel of record and Movant pro se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -